United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOSE DANIEL CASTILLO-ANTONIO,
Plaintiff,
v.
CONNIE ALVAREZ, et al.,
Defendants.

Case No. 16-cv-00352 NC

**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO GRANT DEFAULT JUDGMENT**

Re: Dkt. No. 16

In this disability access case, plaintiff Jose Castillo-Antonio moves for default judgment against defendants Connie Alvarez, Gabriel Velazquez, and Donna Velazquez, owners and operators of Plaza Garibaldi Restaurant. Castillo-Antonio alleges that when he visited Plaza Garibaldi Restaurant, he encountered architectural barriers, such as poor signage to the accessible entrance. Castillo-Antonio contends that removal of those barriers is readily achievable. Castillo-Antonio seeks a permanent injunction under the Americans with Disabilities Act, statutory damages under the California Unruh Act in the amount of $4,000, and reasonable attorneys' fees and costs in the amount of $7,918.50.

The Court finds that default judgment is appropriate, and RECOMMENDS that the district court GRANT the damages award of $4,000, attorneys' fees and costs of $7,918.50, and an injunction to remove the architectural barriers.

United States District Court
Northern District of California

**I. BACKGROUND**

Plaintiff Jose Castillo-Antonio is substantially limited in his ability to walk, and must use a wheelchair for mobility. Motion for Default Judgment, Dkt. No. 16 ¶ 1. Castillo-Antonio is physically disabled as defined by all applicable California and federal laws. Complaint, Dkt. No. 1 ¶ 6. Defendants own and operate the Plaza Garibaldi Restaurant in San Jose, California. Compl. ¶ 1. Additionally, Gabriel Velazquez and Donna Velazquez own the real property on which the business is operated. *Id.*

On January 29, 2014, Castillo-Antonio visited Plaza Garibaldi Restaurant and encountered barriers in the restaurant. Compl. ¶ 12. First, Castillo-Antonio did not have a safe route from his parking space to an accessible entrance because the parking area was not properly configured. Compl. ¶ 3(c). Second, Castillo-Antonio had difficulty in finding and using an accessible entrance door due to the main entrance's lack of a posted international symbol of accessibility. Compl. ¶ 3(a). Third, Castillo-Antonio experienced difficulty entering the restaurant because the main entrance door and its hardware were not accessible for wheelchair occupants. Compl.¶ 3(b). Fourth, once Castillo-Antonio had entered the restaurant, he had difficulty moving about restaurant due to the wheelchair-inaccessibility of the aisles. Compl. ¶ 3(d). Fifth, Castillo-Antonio was unable to access the sales area because the countertop for sales was not accessible for wheelchair occupants. Compl. ¶ 3(e). Finally, the restroom was not disability accessible, and as a result Castillo-Antonio had difficulty in using the facilities. Compl. ¶ 3(f).

Castillo-Antonio is deterred from visiting the restaurant, but plans to return once the restaurant's barriers are removed. Compl. ¶ 14.

Castillo-Antonio has had repeated conduct with defendants and defendants' counsel since February 2014. Exhibit 2 in Support of Motion, Dkt. No. 16-2. However, the parties have been unable to reach a settlement agreement, and defendants have failed to respond to Castillo-Antonio's motion for default judgment. Because defendants have not consented to magistrate judge jurisdiction, the undersigned orders that this case be reassigned to a district court judge, and writes this order as a report and recommendation.

United States District Court
Northern District of California

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, the Court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The factual allegations of the complaint, except those concerning damages, are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995; *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

## III. DISCUSSION

### A. Jurisdiction and Service of Process

When presented with a motion for default judgment, the Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Also, the Court may only enter default judgment against a minor or incompetent person if represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b)(2).

Here, Castillo-Antonio seeks relief under federal and state law, so subject matter jurisdiction is appropriate. 28 U.S.C. § 1331. Defendants are neither minors nor incompetent. Fed. R. Civ. P. 55(b)(2).

Castillo-Antonio's service processor has served defendants with a copy of the motion for default judgment, and Castillo-Antonio has provided proof of service. Dkt. No.

16-1. The Court is satisfied that jurisdiction is appropriate and that the service of process was completed.

**B. Default Judgment**

**1. Merits and Sufficiency of the Complaint**

Under the second and third *Eitel* factors, in deciding whether to grant default judgment, the Court must examine the merits of the Castillo-Antonio's substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. At this stage, the Court takes "the well-pleaded factual allegations" in the complaint as true; however, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of No. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The motion seeks default judgment on two claims: (a) a violation of the Americans with Disabilities Act of 1990; and (b) a violation of the California Unruh Act. The Court examines each claim in turn.

**a. ADA Claim**

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

As to the third element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9); *Molski*, 481 F.3d at 730.

Title III claims are subject to the time limitation on personal-injury claims of the

state in which they are filed. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (recognizing that where federal law does not establish a time limitation, courts should adopt a local time limitation). In California, the statute of limitations for personal-injury claims is two years.

Here, Castillo-Antonio alleges that he requires the use of a wheelchair for mobility. An individual who is substantially limited in his ability to walk is disabled under the ADA. 42 U.S.C. § 12102.

Second, Castillo-Antonio alleges that defendants own and operate Plaza Garibaldi Restaurant. The ADA provides that a restaurant is a public accommodation. 42 U.S.C. § 12181(7)(B).

Third, Castillo-Antonio alleges that he personally encountered barriers at the restaurant, such as his inability to access the restaurant entrance, access the sales counter, or easily utilize the restroom facilities. "The Ninth Circuit has yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014). Under 28 C.F.R. § 36.304(b), examples of readily achievable steps to remove barriers include installing ramps, insulating lavatory pipes under sinks to prevent burns, repositioning the paper towel dispenser and other dispensers, installing accessible door hardware, and creating designated accessible parking spaces.

Here, Castillo-Antonio's allegations fall within the scope of those readily achievable steps to remove barriers that the statute sets forth. For example, Castillo-Antonio seeks to remove barriers in the entrance of the restaurant, to make accessible the sales counter, and to remove barriers in the restroom facilities. Other district courts have found similar allegations to be sufficient at the default judgment stage. *See Vogel*, 992 F. Supp. 2d at 1011; *Johnson v. Hall*, 2012 WL 1604715, *3 (E.D. Cal. May 7, 2012) (holding that plaintiff's allegation that architectural barriers "are readily removable" and that he sought injunctive relief to remove all readily achievable barriers satisfied his burden).

Here, the events in question were on January 29, 2014, and the complaint was filed

January 21, 2016, so it is within the statutory limit.

Thus, the Court finds that, taking the complaint as true, Castillo-Antonio has sufficiently alleged his claim under the ADA.

**b. California Unruh Act**

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731. Therefore, the Court also finds that Castillo-Antonio has sufficiently alleged his Unruh Act claim.

The Court finds that the second and third *Eitel* factors counsel towards granting default judgment. Castillo-Antonio has alleged sufficient facts for each element of his claim, and his complaint has merit.

**2. Remaining *Eitel* Factors**

The first factor weighs in favor of Castillo-Antonio because he would be prejudiced if the motion is denied, as Castillo-Antonio would likely be without a recourse for recovery. *See Young v. Law Offices of Herbert Davis*, 13-cv-1108 JSW (NC), 2014 WL 3418209, at *5 (N.D. Cal. July 11, 2014).

Second, the Court considers the sum of money Castillo-Antonio requests. Generally, courts are hesitant to enter default judgments where large amounts of money are at stake. *Manuel v. Thomas*, 967 F.2d 588 (9th Cir. 1992) (finding that $4,405,000 award was too large to enter default judgment). Here, Castillo-Antonio seeks an injunction requiring defendant to remove the architectural barriers, $4,000 in statutory damages, and $7,918.50 in attorneys' fees and costs.

Third, there is a possibility of a material dispute.

Fourth, it is unlikely that default was the result of excusable neglect. Castillo-Antonio filed this case on January 21, 2016. Castillo-Antonio has had repeated contact with defendants' attorney, on multiple occasions discussing a settlement agreement. However, defendants have chosen not to settle and have not responded to Castillo-Antonio's motion.

Finally, although federal policy generally favors decisions on the merits, Federal

Rule of Civil Procedure 55(b) permits entry of default judgment in situations where the defendant refuses to litigate.

Considering all of the *Eitel* factors, the Court concludes that an entry of default judgment is appropriate in this case.

**C. Damages**

While the Court accepts the allegations in the complaint as true at the default judgment stage, the Court has discretion to award damages as appropriate. *Geddes*, 559 F.2d at 560. Castillo-Antonio seeks (1) an injunction; (2) statutory damages; and (3) attorneys' fees and costs.

**1. Injunction**

The ADA permits private individuals to seek injunctive relief. *Molski*, 481 F.3d at 730. When the Court has determined that a defendant violated the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42. U.S.C.A. § 12188.

Castillo-Antonio seeks an injunction that would require defendants to make accessible: (1) the restaurant parking lot; (2) the restaurant entrance; (3) aisles in the restaurant; (4) the sales counter; and (5) the restroom facilities.

The Court finds such an injunction to be appropriate.

**2. Statutory Damages**

The ADA does not provide for an award of monetary damages in private suits; however, the Unruh Act does allow for monetary damages. *Molski*, 481 F.3d 724, 731 (9th Cir. 2007). Under the Unruh Act, a prevailing plaintiff is entitled to damages of "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52. Here, Castillo-Antonio seeks the minimum award of monetary damages for his one visit to Plaza Garibaldi Restaurant.

The Court finds this amount appropriate.

**3. Attorneys' Fees**

"The ADA gives courts the discretion to award attorney's fees to prevailing

United States District Court
Northern District of California

parties." *Molski*, 481 F.3d at 730. Additionally, a prevailing plaintiff is entitled to attorneys' fees under the Unruh Act. Cal. Civ. Code § 52.

Here, Castillo-Antonio seeks attorneys' fees for Richard Mac Bride of $350 per hour. The Court finds this rate to be reasonable, and notes that this Court has recently awarded similar rates and fees. *See Block v. The Granary*, No. 15-cv-4988, 2016 WL 2984932 (N.D. Cal. May 24, 2016). Castillo-Antonio has included billing documentation for his attorneys' fees request. In total, Castillo-Antonio seeks $7,140.00 in attorneys' fees. Finally, Castillo-Antonio seeks costs in the amount of $778.50.

The Court finds this amount reasonable and recommends that the district court award Block's requested attorneys' fees and costs.

**IV. CONCLUSION**

The Court ORDERS that this case be reassigned to a district court judge. 28 U.S.C. § 636(c). After considering the *Eitel* factors, the Court RECOMMENDS that the district court GRANT Castillo-Antonio's motion and award:

1. An injunction to remove the following barriers and to require that each item be brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24 as follows:
   a. A properly configured and identified accessible route of travel from the designated accessible parking to the business entrance.
   b. The entrance door be made wheelchair-accessible and posted with the proper international symbol of Accessibility.
   c. The aisles be made wheelchair-accessible.
   d. The countertop for sales be made accessible to wheelchair occupants.
   e. The restroom be made accessible for wheelchair occupants, including the toilet handle, sink, pipes under sink, mirror, and sufficient space for maneuvering.
2. Statutory damages under the Unruh Act in the amount of $4,000.
3. Attorneys' fees and costs of $7,918.50.

Any party may object to this recommendation within 14 days. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: July 22, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California